sent in writing thereto, he shall be released from all suits, and the estate and property which he may afterwards acquire shall be exempted from execution for any debt contracted, or cause of action created, previous to such discharge, for seven years thereafter; and if, after such order shall be so made, and a majority in number and value of the creditors shall have consented as aforesaid, any action shall be commenced, or execution issued, for such debt or cause of action, it shall be the duty of any judge of the court from which the process issued, to set aside the same, with costs."]

THE COURT. The law upon which the motion is founded is equivalent to a discharge of the debt, and to say the least of it, impairs the obligation of contracts, contrary to the decision of this court in Golden v. Prince, [Case No. 5,509,] and Sturges v. Crowninshield, [4 Wheat. (17 U. S.) 122.] If the legislature can constitutionally take away a creditor's remedy for seven years, they can for seventy; in either case the law impairs the obligation of contracts—they differ only in degree.

———

## Case No. 946.

BANK OF UNITED STATES v. ROBERTS.

[2 Cranch, C. C. 15.] [1]

Circuit Court, District of Columbia. Nov. Term, 1810.

NEGOTIABLE INSTRUMENTS—ACCOMMODATION—BLANK INDORSEMENT.

The plaintiff's counsel may fill up the blank indorsement, at the trial, although the defendant indorsed the note for the accommodation of the maker.

[See Vowell v. Lyles, Case No. 17,021.]

At law. Assumpsit [by the Bank of the United States] against [John Roberts] the indorser of Elisha Janney's promissory note.

Mr. Swann, for the plaintiff, was about to fill up the blank indorsement, "Pay the contents to the president, directors and company of the Bank of the United States, for value received."

Mr. E. J. Lee, for the defendant, objected that the defendant was an accommodation indorser, and never received value.

Mr. Swann and Mr. Caldwell, contra. The words "credit the drawer" are equivalent to a check, and show that the money would have gone to the credit of the defendant.

THE COURT (THRUSTON, Circuit Judge, absent) suffered the indorsement so to be filled up.

———

BANK OF UNITED STATES v. WILSON.
See Case No. 943.

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 947.

BANK OF WASHINGTON v. BANK OF THE UNITED STATES.

[4 Cranch, C. C. 86.] [1]

Circuit Court, District of Columbia. May Term, 1830. [2]

MONEY HAD AND RECEIVED—WHEN LIES—MONEY PAID ON ERRONEOUS JUDGMENT — LIABILITY OF AGENT.

1. Money paid upon an erroneous judgment, may, after reversal of the judgment, be recovered back in an action for money had and received; and if the money shall have been paid to an agent of the original plaintiff, and remains in his hands, at the time of reversal and demand it may be recovered of the agent.

2. If the amount of the judgment be paid to the plaintiff's agent, and he be notified, at the same time, that a writ of error will be taken out to reverse the judgment, and that he will be expected to refund it if the judgment should be reversed, if he then pay over the money to his principal, without security for his indemnity, it is at his own peril.

[See note at end of case.]

At law. Assumpsit [by the Bank of Washington against the Bank of the United States] for money had and received to the plaintiff's use, to recover back money paid upon an erroneous judgment. [Judgment for plaintiff. This was afterwards reversed by the supreme court in Bank of U. S. v. Bank of Washington, 6 Pet. (31 U. S.) 8. See note at end of case. For other opinions connected with this litigation, see Bank of Washington v. Triplett, 1 Pet. (26 U. S.) 25; Triplett v. Bank of Washington, Case No. 14,178; Bank of Washington v. Neale, Id. 951.]

The case was argued by Mr. Key and Mr. J. Dunlop, for the plaintiffs, and by Mr. Jones and Mr. Lear, for the defendants.

The counsel for the plaintiffs cited Ripley v. Gelston, 9 Johns. 201; Burrough v. Skinner, 5 Burrows, 2639; 1 Chit. Pl. 25; Esp. N. P. 6, 19; Frary v. Dakin, 7 Johns. 79.

CRANCH, Chief Judge, delivered the opinion of the court. This is an action brought January 12, 1830, to recover money paid by the plaintiffs to the defendants, upon a judgment of the circuit court which has been since reversed by the supreme court of the United States. The state of the case, as agreed by the parties, is this: "Triplett and Neale recovered a judgment in this court, at Alexandria, in April term, 1824, against the Bank of Washington, [nowhere reported,] which was afterwards reversed in the supreme court, [Bank of Washington v. Triplett, 1 Pet. (26 U. S.) 25.] The Bank of Washington, on the 2d of June, 1824, applied

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 6 Pet. (31 U. S.) 8.]